<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COTAPAXI CUSTOM DESIGN AND MANUFACTURING, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SUN COAST MERCHANDISE CORP., *et al.*,<br><br>Defendants. | 23cv21550 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is a Complaint originally filed in the Superior Court of New Jersey, Bergen County, by Plaintiffs Carl Cetera ("Cetera") individually and derivatively on behalf of Cotapaxi Custom Design and Manufacturing, LLC ("Cotapaxi") against Defendants Kamila Bhavnani a/k/a Shalini Gurbani ("Gurbani"), Dilip Bhavnani ("Bhavnani"), and Sun Coast Merchandise Corp. ("Sun Coast"). D.E. 1-1 at 2-37 ("Compl."). The Complaint contains only state law claims arising out of a business dispute. *Id.* Defendants timely removed this action, claiming that the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). D.E. 1 ¶ 6. Shortly thereafter, noting the apparent lack of complete diversity among the parties necessary to exercise diversity jurisdiction, the Court ordered the parties to brief the complete diversity issue. D.E. 3. Upon review of the Complaint and the parties' briefs, the Court has determined that it may not exercise diversity jurisdiction over this action.

District courts are courts of limited jurisdiction. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

28 U.S.C. § 1441.  Here, Defendants removed this action based on diversity jurisdiction.  D.E. 1 ¶ 6.

Pursuant to 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between . . . Citizens of different states."  This imposes a requirement of complete diversity, meaning that "every plaintiff must be of diverse state citizenship from every defendant" for diversity jurisdiction to appropriately be exercised.  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

On the face of the pending Complaint, together with the exhibits attached thereto and relied upon therein,[1] diversity jurisdiction is inappropriate in this action as there is a lack of complete diversity.  With respect to the individual parties: Plaintiff Cetera is a citizen of New Jersey,[2] D.E. 1-1 at 63-116 ("Operating Agreement"), 118-152 ("Amended Operating Agreement"); Defendant Gurbani is a citizen of California, *id.*; and Defendant Bhavnani is a citizen of California.[3]  With respect to the entity parties: Plaintiff Cotapaxi is a citizen of New Jersey and California because

---

[1] At this juncture, the Court accepts as true the well-pled factual allegations set forth in the Complaint, together with the exhibits attached to the Complaint.  *See ACR Energy Partners, LLC v. Polo North Country Club, Inc.*, 143 F. Supp. 3d 198, 199 n.2 (D.N.J. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (accepting as true well-pled factual allegations in complaint, exhibits attached thereto, documents explicitly relied upon in complaint, and matters of public record for purposes of deciding pending motion to remand and motion to dismiss).
[2] The Complaint does not set forth Cetera's citizenship, however, the exhibits thereto—labeled "2001 Operating Agreement" and "Amended Operating Agreement"—list Cetera as a New Jersey citizen.  *See* Operating Agreement & Amended Operating Agreement.  The Court relies on these exhibits to determine Cetera's citizenship for purposes of this Memorandum Order.  However, in briefing the complete diversity issue, Cetera notes that he is now a Pennsylvania citizen.  D.E. 6 at 2.  Whether Cetera is a New Jersey or Pennsylvania citizen does not alter the outcome of the Court's decision here.
[3] Bhavnani's citizenship is not set forth in the Complaint nor in the exhibits attached thereto, but the parties do not dispute that he is a California citizen.  *See* D.E.s 6 & 14.  Bhavnani's citizenship does not alter the outcome of the Court's decision here.

as an LLC it assumes the citizenship of Cetera and Gurbani, its two members, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (holding "the citizenship of an LLC is determined by the citizenship of each of its members"); and Defendant Sun Coast is a citizen of California,[4] Compl. ¶ 5. Thus, because derivative claims are asserted on Cotapaxi's behalf against Gurbani, there is both a California plaintiff and a California defendant, such that the complete diversity requirement is not met. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419 (citations omitted) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as a defendant.").

But, in removing this action, Defendants assert a strained theory of fraudulent joinder to overcome their inability to meet the complete diversity requirement. *See* D.E. 1 ¶¶ 6, 13-15. Fraudulent joinder is a plaintiff-friendly doctrine, which provides that when a non-diverse party has been joined, "then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *see also Prudential Ins. Co. of Am. v. Barclays Bank PLC*, 2013 U.S. Dist. LEXIS 8992, at *30-31 (D.N.J. Jan. 22, 2013) (citations omitted) (explaining that defendants can remain in federal only if they can establish that non-diverse plaintiff "was intentionally and fraudulently joined for the purpose of destroying diversity"). "But the removing party carries a 'heavy burden of persuasion' in making this showing." *Batoff*, 977 F.2d at 851 (citations omitted). The weight of this burden is in line with the general standard that removal statutes "are to be strictly construed against removal and all

---

[4] "[A] corporation shall be deemed to be a citizen of every State and foreign state . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

3

doubts should be resolved in favor of remand." *Id.* (internal quotation marks and citations omitted).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim" against the non-diverse party. *See In re Briscoe*, 448 F.3d at 217. "For a claim to lack a colorable basis, 'it must be wholly insubstantial and frivolous.'" *Prudential Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 8992, at *31 (quoting *Batoff*, 977 F.2d at 852). However, the Third Circuit has made clear that in making this determination "courts must be careful not step from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219; *Batoff*, 977 F.2d at 852 ("[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."); *Saddy Family, LLC v. Loud*, 2014 U.S. Dist. LEXIS 88366, at *6 (D.N.J. June 30, 2014) (citation omitted) ("[F]raudulent joinder is not meant to substitute for a merits analysis."). It follows that a non-diverse party may be found to not be fraudulently joined, but that a claim against that party is later dismissed for failure to state a claim upon which relief may be granted. *Batoff*, 977 F.2d at 852; *Saddy Family, LLC*, 2014 U.S. Dist. LEXIS 88366, at *6 (same).

The Court needs only look to the derivative claims asserted on Cotapaxi's behalf against Gurbani to conclude that Cotapaxi was not fraudulently joined as a party. The Delaware Limited Liability Company Act ("LLC Act"),[5] 8 Del. C. § 18-1001, expressly provides that an LLC member may bring an action "in the right of [an LLC] to recover a judgement in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed." Here, Cetera[6]

---
[5] The parties do not dispute that Delaware law applies here.
[6] A member of Cotapaxi.

4

brings derivative claims on Cotapaxi's behalf to recover for, *inter alia*, Gurbani's[7] alleged breach of her fiduciary duties to Cotapaxi, *i.e.*, Gurbani "allow[ed] both Sun Coast and Bhavnani to [] control and have access to Cotapaxi's financial information, while refusing to provide access to Cetera who requires access to same in order to supervise and control the day-to-day management of the operations of Cotapaxi . . . ," and Gurbani "will not take action to enforce Cotapaxi's rights because doing so would require her to take action against herself. *See* Compl. ¶¶ 10, 92-95. Based on these allegations, the there is a colorable basis for the derivative claims asserted on Cotapaxi's behalf against Gurbani. *See Prudential Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 8992, at *33-34 (noting that fraudulent joinder is "a doctrine that is meant to address clearly meritless situations").

Notably, in removing this action, Defendants themselves recognize, "if Cetera could assert that Ms. Gurbani breached a duty to Cotapaxi by failing to pursue claims against Sun Coast or Mr. Bhavnani, Cetera could assert claims derivatively on Cotapaxi's behalf against Ms. Gurbani," D.E. 1 ¶ 18, and reiterated the same in briefing the complete diversity issue, D.E. 14 at 5.  As detailed in the preceding paragraph, the derivative claims assert exactly that.  Recognizing this logical conclusion, Defendants attempt to turn the Court's threshold jurisdictional determination into one on the merits by arguing that the derivative claims asserted on behalf of Cotapaxi are subject to an express arbitration clause,[8] such that the fraudulent joinder doctrine applies. *See, e.g.*, *In re Briscoe*, 448 F.3d at 219 (explaining that a determination as to fraudulent joinder is not a determination on the merits). Whether or not the arbitration clause is binding as to Cotapaxi falls outside the scope of the Court's jurisdictional determination, as this issue wades into the merits of this action.

---

[7] A member of Cotapaxi.
[8] Which the parties dispute. *See* D.E.s 1 ¶ 20, 6 & 14.

For the reasons stated above, the Court concludes that the fraudulent joinder doctrine does not apply to Cotapaxi and, therefore, the complete diversity requirement necessary for the Court to exercise diversity jurisdiction in this action has not been overcome. Therefore, this action must be remanded to the Superior Court of New Jersey, Bergen County.[9]

Accordingly, it is on this     the day of November, 2023;

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Bergen County; and it is finally

**ORDERED** that the Clerk of Court shall mark the action in this Court **CLOSED**.

Dated: November 16, 2023

Evelyn Padin, U.S.D.J.

---

[9] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. It follows that district courts may raise *sua sponte* whether exercising subject matter jurisdiction over an action is appropriate. *See, e.g.*, *Mar Acquisition Grp., LLC v. Oparaji*, 2021 U.S. Dist. LEXIS 155124, at *2-3, 5-6 (D.N.J. Aug. 16, 2021) (raising *sua sponte* subject matter jurisdiction issue and remanding action to state court following finding that court lacked subject matter jurisdiction); *Rosario v. Hartford Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 37808, at *19 (D.N.J. Mar. 4, 2020) (same).